**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | CASE NO. 8:17CR289 |
| Plaintiff, | ) ) ) | DEFENDANT'S STATEMENT OF OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION [74] |
| v. | ) ) | |
| MARK RINGLAND, | ) ) | |
| Defendant. | | |

Defendant Mark Ringland objects to the United States magistrate judge's findings and recommendation [74] ("F&R"). Specifically:

1. Mark Ringland objects to the recommendation that his motions [47, 49] be denied. *See* F&R at 11 of 11.

2. Mark Ringland objects to each facts contained within in his supplemental brief [70] that the magistrate judge failed to find. *See* Dkt. Entry #70 at 2-24. He objects to the extent that the magistrate judge's finding of facts were inconsistent with his statement of facts in [70]. *Id.* More specific objections follow.

3. Mark Ringland objects to the magistrate judge's finding that, "Deputy Dishaw explained that if NCMEC is not clear whether the ESP reviewed a file, NCMEC will make a notation for the investigator, and then the investigator will contact the ESP to confirm whether or not the ESP viewed the file. Deputy Dishaw testified that if the ESP confirms it did not review the file, he will obtain a search warrant to view those files." *See* F&R at 3. Deputy Dishaw is not the case agent in Mr. Ringland's case and there is no indication that any of this was done in this case.

*See* Tr. at 18. There is nothing in the record to suggest ambiguity as to whether NCMEC examined more than the 502 files Google claimed to have examined or that Investigator Alberico reached out to Google or NCMEC to clarify which entity had reviewed which files.

4. Mark Ringland objects to the magistrate judge's failure to find, a la *Carpenter v. United States*, 138 S.Ct. 2206 (2018), that the third-party doctrine does not stand for the proposition that Mr. Ringland relinquished his privacy interests by using Gmail.

5. Mark Ringland objects to the magistrate judge's failure to find that Google was, in this case, acting a government agent. *See* F&R at 9. The magistrate judge, relying upon *United States v. Stevenson*, 727 F.3d 826, 831 (8th Cir. 2013), ignored the distinctions between Ringland's case and *Stevenson*, namely Google's *active* involvement in the investigation in this case, including the forwarding of 2865 uncategorized files to NCMEC, and the government's knowledge of Google's ongoing searches. *See* Defendant's Supplemental Brief [70] at 30-32. The magistrate judge's findings ignore Google's escalating involvement in Ringland's case from March 2007 to September 2007, linking Mr. Ringland's name and multiple email accounts, even sending files to NCMEC from an account in which no apparent child pornography had been found. The magistrate judge, having failed to make these critical and detailed findings regarding Google's extensive involvement in the investigation of Mark Ringland, wholly ignores the Eighth Circuit's acknowledgment in *Stevenson* that (1)

an ESP search to help law enforcement and (2) government knowledge of and acquiescence to a private search could prompt a finding of agency. *See Stevenson,* 727 F.3d at 830.

6. Mark Ringland objects to the magistrate judge's failure to make findings as to the scope of Google's searches. Specifically, the magistrate judge ignores that Google's products, including Gmail, currently serve more than one *billion* users. See Defendant's Supplemental Brief [70] at 32-33. Google's characteristics distinguish it from your run-of-the-mill private actor, drawing it closer to the Sprint Corporation in *Carpenter*: "not your typical witness[]." 138 S.Ct. at 2219.

7. Mark Ringland objects to the magistrate judge's failure to find that the National Center for Missing and Exploited Children (NCMEC) was, in this case, acting as a government entity. The magistrate judge first misstates the holding of *United States v. Ackerman*, 831 F.3d 1292 (10th Cir. 2016), by stating that "the Tenth Circuit concluded that NCMEC is a government *agent* that violated the Fourth Amendment...." F&R at 9 (emphasis added). The Tenth Circuit, per then-Judge Gorsuch, held that NCMEC was a government *entity*, which affords it a different Fourth Amendment status. 831 F.3d at 1300. Indeed, the evidence overwhelmingly showed that NCMEC enjoys quasi-government/law-enforcement powers and yet none of this information made it into the F&R. *See, e.g.,* Defendant's Supplemental Brief [70] at 2-5 describing the extensive commingling of funding, responsibilities, privileges, and goals between NCMEC and law enforcement. *See also, Ackerman*, 831 F.3d at 1296-1300, where

Judge Gorsuch, viewing substantially the same evidence, concluded that NCMEC was a government entity.

8. Mark Ringland *strenuously*[1] objects to the magistrate judge's findings – without explanation – that "the evidence does not support Defendant's assertion that NCMEC viewed more than those files than those identified and reviewed by Google" and that "[t]he evidence did not establish that NCMEC reviewed more files than those reviewed by Google[.]" *See* F&R at 10. In his supplemental brief [70], Mark Ringland exhaustively detailed the evidence that NCMEC reviewed hundreds of files that Google had not. *See* Defendant's Supplemental Brief [70] at 35-39. This evidence includes several express statements by NCMEC analysts that they had reviewed the files uploaded by Google (some of which had been viewed by Google and some of which hadn't.) The magistrate judge pays this clearly-erroneous short shrift, mentioning none of this evidence in a simple declaratory sentence that NCMEC did not expand the search by Google. *See* F&R at 10.

9. Mark Ringland objects to the magistrate judge's failure to find the sworn declaration of John Shehan (G.E. 1) not credible. *See* Defendant's Supplemental Brief [70] at 35-39. Across five pages, Mr. Ringland pointed out numerous factual discrepancies between Mr. Shehan's declaration (G.E. 1), Shehan's February 2017 declaration in *United States v. Miller*, 2:16CR47 (E.D. Ky.), and the evidence contained

---

[1] Use of superfluous adverb intentional and, hopefully, effective. *But see:* A FEW GOOD MEN (Castle Rock Entertainment 1992) (LT S. Weinberg, JAGC, USN: "'I *strenuously* object?' Is that how it's done?")

within the CyberTipLine Reports. Shehan's declaration is, frankly, the *only* evidence offered by the United States to suggest that NCMEC did not expand upon Google's searches. Without it, the magistrate judge's conclusion that "this case is more like [*United States* v.] *Reddick*[, 900 F.3d 636, 637 (5th Cir. 2018)] than *Ackerman*" is wrong. *See* F&R at 10. The magistrate judge reconciles *none* of these discrepancies.

    10.    Mark Ringland objects to the magistrate judge's finding that the good-faith exception precludes suppression in this case. *See* F&R at 10-11. Ringland further objects to the magistrate judge's finding that "[w]hen Investigator Alberico applied for an [*sic*] acquired the search warrants, she had no reason to believe that NCMEC had provided her with information procured in violation of the Defendant's Fourth Amendment rights." F&R at 10-11. Investigator Alberico submitted those application after having received and reviewed the same CyberTips (D.E. 101-108, 111-121, 128-14) currently before the Court. That NCMEC had expanded the search was (or should have been) just as apparent to her then as it is to Mr. Ringland, the government, and the Court now. Deputy Dishaw – who, to be sure, is not the case agent– testified that NCMEC notes in the CyberTips which images the ESP had not viewed. Tr. at 18. He testified that, where it was unclear whether the ESP had viewed the images, he called the ESP to find out. *Id.* Dishaw further testified that Google was responsive in this way and that he had had conversations with NCMEC about *Ackerman. Id.* And yet, there is nothing to suggest that Investigator Alberico took any of these precautionary steps. In light of Deputy Dishaw's testimony that officers have been trained regarding

5

*Ackerman,* Investigator Alberico should have known that NCMEC had improperly exceeded the scope of the Google's searches at the time she submitted the first warrant application.

Moreover, as contemplated by the Eighth Circuit in *Stevenson*, Investigator Alberico certainly had been aware of Google's ongoing participation in the investigation of Mr. Ringland, including: 1) Google's linking of the two emails accounts, 2) Google's *sua sponte* search of the second account (and forwarding files to NCMEC from that account without having first found any apparent child pornography), and 3) Google's providing Mark Ringland's name to NCMEC in later CyberTips. Accordingly, Investigator Alberico, aware that Google was acting as a government agent, knew that Google had illegally searched Mark Ringland's email without a warrant at the time she applied for the warrants.

The warrants in this case were the fruit of prior illegal searches: Google's searches as a government agent, NCMEC's searches as a government entity, NCMEC's expansions of Google's putatively private searches, and Investigator Alberico's illegal review of the images. Under *United States v. Leon*, 468 U.S. 897, 923 (1984) and *Wong Sun v. United States*, 371 U.S. 471, 487-88 (1963), the good-faith exception should not apply. Without the illegal searches, Investigator Alberico's search-warrant applications would have been blank.

11. Mark Ringland objects to the magistrate judge's failure to find that Google's, NCMEC's, and the State Patrol's searches of Mr. Ringland's papers and effects were trespasses to his chattels. *See Ackerman*, 831 F.3d at 1307 (*citing United*

6

*States v. Jones*, 132 S.Ct. 945 (2012)). In *Ackerman*, then-Judge Gorsuch pointed out that, after *Jones*, the *Katz v. United States*, 389 U.S. 347 (1967), reasonable-expectation-of-privacy formula might not be the only way a Fourth Amendment search occurs. A search, *Jones* points out, can also occur when the government intrudes into a constitutionally protected space or thing. *See Ackerman*, 831 F.3d at 1307. The *Jones* decision, Judge Gorsuch reasons, calls into question the holding of *United States v. Jacobsen*, 466 U.S. 109 (1984) – cited by the magistrate judge, F&R at 8 – and suggests that, simply by opening Mr. Ringland's mail, NCMEC has committed a trespass to his chattels, violating his Fourth Amendment rights.

12. These warrantless searches and seizures by government agents and entities and the fruits of these searches and seizure – including the contents of Mark Ringland's three gmail accounts, the contents of his two phone numbers, his location on August 31-September 1, 2017, the contents of his ZTE cell phone, the contents of his iPad, and his statements to law enforcement on September 1 and September 5, 2017 – violated his Fourth Amendment rights under the United States Constitution. This evidence must be suppressed.

13. Mark Ringland has submitted three briefs in this case – one of which [70] was drafted post-hearing and with the benefit of the unredacted transcript. This supplemental brief [70], coupled with his objections above, adequately put forth the position he maintains. Per NECrimR 59.2, Mark Ringland relies upon his prior briefs, particularly [70], and these objections.

WHEREFORE, Mark Ringland requests that this Court grant his motions to suppress all evidence obtained during and derived from (as a "fruit" of) these warrantless searches and seizures.

MARK RINGLAND, Defendant,

By:    s/ Richard H. McWilliams
       **RICHARD H. MCWILLIAMS**
       **Assistant Federal Public Defender**
       222 South 15th Street, Suite 300N
       Omaha, NE 68102
       (402) 221-7896
       fax: (402) 221-7884
       e-mail: rich_mcwilliams@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed with the Clerk of the District Court using the CM/ECF system which sent notification of such filing to Michael P. Norris, Assistant United States Attorney, on November 2, 2018.

By:    s/ Richard H. McWilliams
       **RICHARD H. MCWILLIAMS**