IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>MARK RINGLAND,<br><br>                Defendant. | 8:17CR289<br><br>**MEMORANDUM<br>AND ORDER** |

This matter is before the Court on the Defendant Mark Ringland's ("Ringland") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 Motion), (Filing No. 159) and Motion to Appoint Counsel (Filing No. 160). For the reasons stated below, the motions are denied, and no certificate of appealability will issue.

**I.  BACKGROUND**

On August 19, 2017, a federal grand jury indicted Ringland with one count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). (Filing No. 20). Before trial, Ringland moved to suppress evidence of child pornography found on his electronic devices, arguing that law enforcement officers seized and searched Ringland's devices under authorized warrants based on information furnished by Google, Inc. ("Google") and the National Center for Missing and Exploited Children ("NCMEC"). (*See* Filing Nos. 47 and 48). The Court denied the Motion to Suppress. (Filing No. 76.)

After trial, a jury found Ringland guilty of receipt of child pornography. (Filing No. 105). On June 11, 2019, the Court sentenced Ringland to a term of imprisonment of 168 months, with a term of 10 years of supervised release to follow (Filing No. 132).

On appeal, Ringland argued that the Court erred in denying his Motion to Suppress. Specifically, Ringland argued that Google acted as a government agent and conducted unlawful warrantless searches of his email accounts; the NCMEC acted as a government agent and conducted unlawful warrantless searches of his email; and the good faith exception to the exclusionary rule did not apply (*See* Filing No. 153). The Eighth Circuit Court of Appeals affirmed the denial of the Motion to Suppress. (*Id.*)

Ringland's timely pro se § 2255 Motion alleges four grounds for relief, though the nature of the grounds is difficult to decipher. Each of Ringland's grounds for relief center on the allegation that he was not permitted to provide sworn testimony to Congress as a whistleblower against Google and was thereby deprived of his rights under the Fifth Amendment. Ringland alleges that Google is acting as an agent of the Federal Government and is exploiting its users and children. As best the Court can discern from Ringland's § 2255 Motion, his brief, and his supplemental materials (Filing Nos. 164-167), Ringland argues his sentence should be vacated so that he can testify against Google before Congress.

## II. DISCUSSION

### A. Standard of Review

Section 2255(a) allows a prisoner in custody pursuant to a sentence imposed by a federal judge to move to vacate, set aside, or correct his sentence if the sentence was imposed "in violation of the Constitution or the laws of the United States." Under § 2255(b), the Court should conduct a hearing on Ringland's motion "[u]nless the motion and the files and records of the case conclusively show that [he] is entitled to no relief." "No hearing is required where the claim 'is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007) (quoting *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)); *see also Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (explaining a hearing is unnecessary "[i]f it is apparent from the face of the motion and supporting record that" the motion is untimely).

### B. Discussion

"While a pro se § 2255 petition might require the more liberal construction that a court would give pro se pleadings in any other civil case," the petition will be dismissed where it "lack[s] sufficient specificity under even the most liberal pleading requirements." *Cooper v. Schriro*, 189 F.3d 781, 785 (8th Cir.1999). Additionally, a petition that consists only of "conclusory allegations unsupported by specifics [or] contentions that, in the face of the record, are wholly incredible," is insufficient to merit an evidentiary hearing on a § 2255 motion. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Ringland's grounds for relief under § 2255 are vague and wholly incredible. Each of Ringland's grounds for relief under § 2255 revolve around an allegation that he was denied his Fifth Amendment right to testify. The Fifth Amendment protects a criminal defendant's right to remain silent. *See* U.S. Const. amend. V ("No person shall be . . . compelled in any criminal case to be a witness against himself . . . ."). This protection includes the implied right to choose whether to testify in the defendant's own criminal trial. *See United States v. Dunnigan*, 507 U.S. 87, 96 (1993) (stating that the right to testify is "made explicit by federal statute" and is "implicit in the Constitution"); *see also Riggins v. Nevada*, 504 U.S. 127, 144 (1992) (Kennedy, J., concurring) ("It is well established that the defendant has the right to testify on his own behalf, a right we have found essential to our adversary system.").

Ringland does not argue that he was deprived of his choice to testify at his own trial. Instead, as best the Court can discern, he argues that he was denied his Fifth Amendment rights because he has not been permitted to testify as a whistleblower before Congress. However, there is no provision under the Fifth Amendment, or any other amendment, that gives Ringland the right to testify before Congress about Google. Each of Ringland's Grounds revolve around this claim.[1] Having reviewed his voluminous filings even under

---

[1] Under Ground One, Ringland alleges "newly discovered evidence" related to the denial of his right to testify before Congress. Filing No. 159 at 4. However, nowhere in his Motion or accompanying materials does Ringland identify the evidence. Under Ground Two, Ringland alleges "racial discrimination" related to the denial of his right to testify

a liberal pleading standard, Ringland has asserted no discernible legal ground for relief under § 2255.

The Court notes that under Ground Two, in addition to his conclusory allegations of racial discrimination, Ringland alleged ineffective assistance of counsel. Ringland alleges his attorney was ineffective because he recommended that Ringland not "take witness stand to testify for Congress at this time of self incrimination. Before and at trial and after. [sic]" (Filing No. 159 at 5). An attorney has the discretion to advise a client whether he should testify, and an attorney's advice not to testify is not constitutionally deficient legal performance. *See Jackson v. United States*, 956 F.3d 1001, 1008 (8th Cir. 2020). Ringland does not dispute that he was aware of his right to testify at trial. Moreover, the record shows that the parties and the Court discussed Ringland's right to testify during the trial (Filing No. 143 at 64).

The record establishes that, to the extent discernible, none of Ringland's asserted grounds are legally cognizable, nor has he asserted any other grounds that would have changed Ringland's conviction or sentence. Therefore, Ringland is not entitled to an evidentiary hearing, and his § 2255 motion is denied in its entirety.

### C. Certificate of Appealability

Before he can appeal the denial of his motion, Ringland must obtain a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To do that, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Because Ringland has not shown that the outcome of his § 2255 Motion is reasonably debatable, is susceptible to

---

before Congress. Though neither the Form AO 243 nor Ringland's briefing identify the basis for any claim of racial discrimination. Under Grounds Three and Four, Ringland alleges cruel and unusual punishment and "fraud/false statements," all related to the alleged denial of his right to testify before Congress.

a different conclusion, or deserves further review, the Court will not issue a certificate of appealability.

Based on the foregoing,

IT IS ORDERED:

1. Defendant Mark Ringland's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 (Filing No. 159) is denied.

2. Ringland's Motion to Appoint Counsel (Filing No. 160) is denied.

3. No certificate of appealability will issue.

4. A separate judgment will be entered.

5. The Clerk of Court is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 15th day of November 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge