IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:17CR289 |
| v. | |
| MARK RINGLAND, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the following motions filed by defendant Mark Ringland ("Ringland"): Motion to Subpoena Investigator C.J. Alberico (Filing No. 170); Motion Under 28 U.S.C. § 2255 for "Tampering with Court Transcripts" (Filing No. 171); Motion for Disqualification (Filing No. 172); Motion for Discoveries (Filing No. 173); Motion Under 28 U.S.C. § 2255 (Filing No. 174); Motion for Certificate of Appealability (Filing No. 176); Motion to Turn State's Evidence (Filing No. 177); Motion for Discovery Packet (Filing No. 178); and Motion Under the All Writs Act, 28 U.S.C. § 1651(a) (Filing No. 179). For the reasons stated below, the motions are denied and no certificate of appealability will issue.

I.  BACKGROUND

The Court's previous Memorandum and Order (Filing No. 168) denying Ringland's first motion under § 2255 (the "§ 2255 Order") contains a recitation of the factual and procedural history of this case. The Court incorporates the § 2255 Order and provides the following summary relevant to the pending motions.

A jury convicted Ringland of receiving of child pornography (Filing No. 105). The Court sentenced Ringland to a term of imprisonment of 168 months, with ten years of supervised release to follow (Filing No. 132). After an unsuccessful appeal, Ringland filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person

in Federal Custody ("§ 2255 Motion"). Each of the grounds for relief in Ringland's § 2255 Motion centered on the allegation that he was not permitted to provide sworn testimony to Congress as a whistleblower against Google, LLC. Ringland alleged that Google was acting as an agent of the federal government and was exploiting its users and children. Ringland argued his sentence should be vacated so that he could testify against Google before Congress. The Court denied Ringland's § 2255 Motion because his allegations were vague and wholly incredible and denied his request for a certificate of appealability. Ringland's pending motions are likewise vague and wholly incredible.

II.     **DISCUSSION**

    A.     **Motion to Subpoena Investigator C.J. Alberico**

Ringland moves the Court to subpoena several individuals. As best the Court can discern, Ringland asserts that the investigators must account for several minutes allegedly missing from the recording of Ringland's initial arrest. Ringland also references his repeated allegation that he must testify before Congress on Google's alleged criminal activity. Ringland's allegations are indiscernible, vague, and do not state a request for relief that the Court can grant. Accordingly, the motion is denied.

    B.     **Motion Under 28 U.S.C. § 2255 for "Tampering with Court Transcripts"**

To the extent Ringland's Motion at Filing No. 171 is a motion under § 2255, it must be denied as second and successive. Ringland previously filed an unsuccessful § 2255 Motion. Accordingly, under 28 U.S.C. § 2255(h), the Court lacks jurisdiction to consider the merits without authorization from the Eighth Circuit. Moreover, Ringland alleges in this motion that the court reporter tampered with the official court transcript. Ringland provides no evidence to support this assertion and his motion lacks merit even if the Court had jurisdiction.

    C.     **Motion for Disqualification**

In Filing No. 172, Ringland seeks to disqualify Magistrate Judge Michael Nelson as incompetent. Ringland's motion contains several nonsensical allegations related to his

repeated request to testify before Congress on Google's criminal activity. The motion makes no connection between his allegations and the relief requested. The motion is denied.

### D. Motion for Discoveries

The motion at Filing No. 173 contains several pages of allegations about alleged procedural errors during Defendant's arrest and trial. However, the motion focuses primarily on a request to obtain discovery from Google to support Ringland's conspiracy theory and his repeated assertion that he must testify before Congress. The motion is mostly indecipherable and states no valid request for relief. Accordingly, it is denied.

### E. Motion Under 28 U.S.C. § 2255

As best the Court can discern, Ringland's motion under § 2255 at Filing No. 174 reasserts the allegations from his original § 2255 Motion, i.e., that his counsel and the Court have denied him the right to testify before Congress on his conspiracy theory against Google. Ringland's motion appears to have no discernible basis for relief; however, it is second and successive and under 28 U.S.C. § 2255(h) and he must obtain permission from the Eighth Circuit to assert another motion under § 2255.

### F. Motion for Certificate of Appealability

Ringland's motion at Filing No. 176 apparently seeks a certificate of appealability related to the Court's § 2255 Order. The Court already denied a certificate of appealability because Ringland had not shown that the outcome of his § 2255 Motion was reasonably debatable, susceptible to a different conclusion, or deserved further review. To the extent Ringland seeks a certificate of appealability on any of his pending motions, such request is denied for the same reasons.

### G. Motion to Turn States Evidence

Ringland's motion at Filing No. 177 expresses Ringland's desire to testify on behalf of the United States and turn state's evidence against Google, LLC for fraud and perjury. Ringland's motion seeks no cognizable relief and is therefore denied.

### H. Motion for Discovery Packet

The motion at Filing No. 178 requests Ringland's "discovery packet" that the government should have disclosed to Ringland's defense in preparation for trial. There is no indication in the record that Ringland's defense team did not receive the evidence against him. Ringland also asserts his trial counsel was ineffective in failing to "advise his client of a strategy." To the extent Ringland alleges ineffective assistance of counsel, his request is properly a motion under § 2255 and is second and successive and under 28 U.S.C. § 2255(h). Moreover, Ringland only seeks discovery related to his baseless conspiracy theories. Accordingly, this motion is denied.

### I. Motion Under the All Writs Act, 28 U.S.C. § 1651(a)

The filing at Filing No. 179 seeks a "new trial and witnesses." Ringland makes several indecipherable assertions challenging every stage of his criminal proceedings. The Court infers that Ringland is asking the Court to exercise its authority under the All Writs Act, 28 U.S.C. § 1651, which states in relevant part that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act has served as a "legislatively approved source of procedural instruments designed to achieve 'the rational ends of law.'" *United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977) (quoting *Harris v. Nelson*, 394 U.S. 286, 299 (1969)). Ringland's motion at Filing No. 179 identifies no irregularity or deficiency that must be corrected to achieve the rational ends of the law. Accordingly, the motion is denied.

For the reasons stated above, Ringland's motions either have no merit or have not requested relief that can be granted by the Court. Further, the Court will not issue a certificate of appealability on any of the motions denied by this Memorandum and Order.

IT IS SO ORDERED.

Dated this 28th day of April 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge