IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:17CR289 |
| v. | |
| MARK RINGLAND, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is again before the Court on the following multiple post-conviction submissions from defendant Mark Ringland ("Ringland").

Filing No. 289 – "Motion for Petition 'Citizens Arrest' criminal Complaint of Misconduct 18 USC § 116 genital mutilation."

Filing No. 290 – "motion for Petition 3113 'Little and Browns' of Laws and Treaties; Slip Laws."

Filing No. 291 – "motion For Petition criminal Complaint of Misconduct. Civil rights violation."

Filing No. 292 – "motion for Petition Default Action reviewing jury's Instruction."

Filing No. 293 – "motion For Petition Default Action 3113 'Little and Brown's' Laws and Treaties: Slip laws."

Filing No. 294 – "motion for Petition "NEW TRIAL" rule 59(b)."

Filing No. 295 – "motion for Petition 'Greivence' Public Defender Richard McWilliams."

Filing No. 296 – "Motion for Petition 'Greivence' Public Defender Richard McWilliams. Complaint of Misconduct."

Ringland's latest motions fall into the same category of frivolous filings as the many repetitive and non-sensical filings he has made in the past in this closed criminal action, in civil *pro se* filings in this Court, and in filings with the United States Court of Appeals for

Eighth Circuit. In addition, Ringland has named almost every judge of this district and each of the judges of the Eighth Circuit in what appear to be judicial complaints to the Judicial Council of the Eighth Circuit.

I.  BACKGROUND

A federal grand jury charged Ringland (Filing No. 20) with one count of receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2) and one count of possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). (Filing No. 20). A jury found Ringland guilty of receiving child pornography (Filing No. 105), and on June 11, 2019, the Court sentenced Ringland to prison for 168 months with a term of 10 years of supervised release to follow (Filing No. 132).

Ringland appealed, focusing on the denial of his motion to suppress (Filing No. 153). Specifically, Ringland argued (1) Google, Inc. ("Google") acted as a government agent and conducted unlawful warrantless searches of his email accounts, (2) the National Center for Missing and Exploited Children ("NCMEC") acted as a government agent and conducted unlawful warrantless searches of his email, and (3) the good faith exception to the exclusionary rule did not apply. On May 12, 2020, the Eighth Circuit affirmed the denial of the motion to suppress. *Id*.

Ringland filed a *pro se* Motion to Vacate under 28 U.S.C. § 2255 (Filing No. 159) raising four grounds for relief. Though the exact nature of his argument was difficult to decipher, each of Ringland's grounds was rooted in his position that he should have been permitted to provide testimony to Congress as a whistleblower against Google and was thereby deprived of his rights under the Fifth Amendment to the United States Constitution. Ringland again alleged Google was an agent of the federal government and was exploiting children and its users. The Court denied the § 2255 motion on November 15, 2021 (Filing No. 168) and declined to issue a certificate of appealability.

Since that time, Ringland has filed in this Court myriad motions and other submissions seeking largely unintelligible relief including, "28 U.S.C. § 2255 Filing Pro

Se 'Tampering with Court transcripts'" (Filing No. 171); "motion to Disqualification 29 cfr 2200.68 (Prejudice) Civil Action" (moving to disqualify a number of the Judges of this Court, including the undersigned) (Filing No. 172); "motion to Discoveries For cross-Examination" (Filing No. 173); "Motion to: Turn States Evidence Civil and Criminal" (Filing No. 177); "motion to Extraction of Discovery Packet" (Filing No. 178); multiple challenges to his indictment under the All Writs Act (Filing No. 179); Motion for a "Petitioner for a Petition" (Filing No. 187); "motion to Challenge Sex Laws" (Filing No. 189); "motion for Federal Question 28 USC § 1331" (Filing No. 190); "motion for 'Discrimination on Deflemation' for Appeal" (Filing No. 202); motions for Brady Violations (Filing Nos. 205 and 221); motions for new trial (Filing Nos. 213 and 251); motions for certificate of innocence 28 USC § 1495, and 2513 (Filing Nos. 230 and 232); multiple motions for violation of the 14th Amendment due process (Filing Nos. 239 and 244); "motion for Inffective Assistance of Counsel" (Filing No. 240); "motion for Strick on rules to be enforced" (Filing No. 245); six motions for petition, writ of certiorari, criminal complaint of misconduct (Filing Nos. 264, 267, 268, 269, 270 and 271); "Motion For Petition Writ of Certiorari Default with untimely Appeal on Order" (Filing No. 272); "Criminal Complaint of Misconduct Special-Committee Investigations" (Filing No. 273); and eight motions for petition Special-Committee investigation Criminal Complaint of Misconduct "Citizens Arrest" (Filing Nos. 274, 276, 277, 278, 279, 280, 282, and 284). Many of his motions' captions have little to do with the arguments made and the relief sought.

Ringland also attempted to file three successive motions to vacate in his criminal case under 28 U.S.C. § 2255 (Filing Nos. 171, 174 and 175). Those motions, even if properly construed as a request for relief under § 2255 (though clearly frivolous) were denied for failure to first seek certification from the Eighth Circuit. Ringland is reminded that to the extent any of his submissions are meant to be second or successive motions under § 2255, they must be submitted to the Eighth Circuit for precertification. *See* 28 U.S.C. § 2255(h); *Baranski v. United States*, 880 F.3d 951, 955 (8th Cir. 2018).

## II.  DISCUSSION

In its most-recent order (Filing No. 285), the Court admonished Ringland that "the repetitive and non-sensical nature of his constant filings neither serves his interest nor presents any new issues on which the Court can rule."  The Court further "cautioned that further abuse of his filing privileges may lead to a limitation on his right to file."  That time has come.

"The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process."  *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988).  The Court finds that Ringland continuously files motions and requests that are frivolous or improper and an abuse of judicial process.  Though the context was different, the United States Supreme Court has recognized the district court's "authority to dismiss a claim based on an indisputably meritless legal theory" or clearly baseless factual allegations.  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Such claims include those "describing fantastic or delusional scenarios."  *Id*. at 328.

Ringland's allegations typically reassert in some fashion, his arguments that he should have been able to (1) undertake additional discovery regarding Google, (2) testify before Congress regarding Google, and (3) subpoena former House Speaker Nancy Pelosi.  Ringland continues to claim Google was acting as a government agent in providing information to NCMEC.  That issue was determined adversely to Ringland by the Eighth Circuit in 2020.  That result will not change, no matter how many motions Ringland presents to the Court.  Those specious arguments have been repeatedly and patiently reviewed and addressed.

Therefore, any further submissions to this Court in Ringland's closed criminal case shall be limited as follows:

1. The Clerk of this Court is hereby directed not to accept any additional filings in this criminal case; any submissions should be sent to the undersigned for screening or for determination of whether submissions should be filed.

2. The Clerk of this Court shall provide a copy of this Memorandum and Order to the judge presiding in most *pro se* cases in this district to ensure Ringland does not attempt to avoid those filing limitations and further abuse the judicial process by filing frivolous *pro se* civil filings on these same issues.

3. Nothing in this Memorandum and Order shall prohibit Ringland from proceeding in any action in this Court with the representation of an attorney licensed to practice in the State of Nebraska and admitted to practice in this Court.

4. The Court has reviewed each of the present motions in detail and again finds Ringland has raised no new substantive or non-frivolous issues. The pending motions are denied.

Based on the foregoing,

IT IS ORDERED:
1. Defendant Mark Ringland's motions found at Filing Nos. 289, 290, 291, 292, 293, 294, 295 and 296 are denied.
2. Ringland's future filings are limited as set forth in this Memorandum and Order.

Dated this 18th day of September 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge